# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 21-150** |
| | : | |
| **JAMES DOUGLAS RAHM, JR.** | : | |

# ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of the Defendant's Motion in Limine to Bar Inflammatory and Irrelevant Language, and the government's response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

                **BY THE COURT:**

_____
**THE HONORABLE THOMAS F. HOGAN**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 21-150** |
| | : | |
| **JAMES DOUGLAS RAHM, JR.** | : | |

**DEFENDANT'S MOTION IN LIMINE TO BAR
INFLAMMATORY AND IRRELEVANT LANGUAGE**

Defendant James Douglas Rahm, Jr., through undersigned counsel, respectfully submits this Motion in Limine to Bar Inflammatory Language. Mr. Rahm requests that the Court bar the government and its witnesses from utilizing inflammatory and irrelevant language to describe the events of January 6, including "terrorists," "terrorist attack," "rioters," "breach," "assault," "insurrection," "carnage," or other similar terms, pursuant to Federal Rules of Evidence 102 and 401-403. In addition, Mr. Rahm requests that the Court preclude any descriptors or narratives utilizing similar language that the government may use in photographic, video, or audio evidence, as inadmissible testimonial evidence.

**WHEREFORE**, for all the reasons set forth above and in the accompanying Memorandum of Law, as well as any other reasons which may become apparent at a hearing or the Court deems just, Mr. Rahm respectfully submits that the Court preclude the government and

its witnesses from utilizing inflammatory language, including as descriptors or narratives in any video, photographic, or audio evidence.

                                        Respectfully submitted,

                                        <u>/s/ Leigh M. Skipper</u>
                                        LEIGH M. SKIPPER
                                        Chief Federal Defender

                                        <u>*/s/ Anna Kessler*</u>
                                        ANNA KESSLER
                                        Research & Writing Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 21-150** |
| | : | |
| **JAMES DOUGLAS RAHM, JR.** | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO BAR INFLAMMATORY AND IRRELEVANT LANGUAGE

This case involves notorious events at the United States Capitol Building on January 6, 2021, events about which the residents in the District of Columbia maintain strong opinions. The immediate and lingering impact of those events on D.C. residents has been compounded by prolific sensationalizing media coverage. The language used in news articles, press releases, and press conferences—particularly by the government and politicians—has demonized participants and, not infrequently, has elevated the events of January 6 to the terroristic status of September 11, 2001.[1]

---

[1] As reported in the Washington Post and the Washington Times, at a one-year anniversary observance:

> [Vice President Kamala] Harris compared the Jan. 6 insurrection to two other dates when the United States came under attack: Dec. 7, 1941, when the Japanese bombed Pearl Harbor, and Sept. 11, 2001, when terrorists turned commercial airplanes into missiles and attacked the World Trade Center and the Pentagon.
>
> 'Certain dates echo throughout history, including dates that instantly remind all who have lived through them where they were and what they were doing when our democracy came under assault,' Harris said. 'Dates that occupy not only a place on our calendars but a place in our collective memory.'

Annie Linskey, *Biden goes after Trump for lies and self-aggrandizement in Jan. 6 insurrection anniversary speech*, WashingtonPost.com (Jan. 6, 2022), https://www.washingtonpost.com/politics/biden-goes-after-trump-for-lies-and-self-

Such coverage has stoked partisan passions in this District that will produce a jury pool overwhelmingly hostile toward Defendant James Douglas Rahm, Jr. Indeed, the jury pool in D.C. comprises a unique lack of political diversity.[2] And because Mr. Rahm is charged with attempting to prevent the certification of the Electoral College results, in effect, he has been charged with seeking to nullify the votes of the majority of D.C. residents, and thus of the venire.

Within this setting, tensions will be high and the jury will be easily aroused. Mr. Rahm requests that the Court bar the government from utilizing inflammatory language to describe the events of January 6, including "terrorists," "terrorist attack," "rioters," "breach," "assault," "insurrection," "carnage," or other similar terms. *See* Fed. R. Evid. 102 ("These rules should be construed so as to administer every proceeding fairly . . . and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination."); *United States v. Welshans*, 892 F.3d 566, 576 (3d Cir. 2018) ("[P]rosecutors may not cross the line and

---

aggrandizement-in-jan-6-insurrection-anniversaryspeech/2022/01/06/fdb39c14-6eff-11ec-aaa8-35d1865a6977_story.html; Valerie Richardson, *Republicans accuse Democrats, media of exploiting Jan. 6 riot*, WashingtonTimes.com (Jan. 6, 2022), https://www.washingtontimes.com/news/2022/jan/6/republicans-accuse-democrats-media-exploiting-jan-/.

Other media outlets have similarly compared the events of January 6, 2021 to September 11, 2001. *See, e.g.*, David Mastio, *After ousting Liz Cheney, Republicans prove they're a bigger threat than 9/11 hijackers*, USA Today (May 13, 2021), https://www.usatoday.com/story/opinion/voices/2021/05/13/jan-6th-insurrection-greater-danger-democracy-than-9-11-column/5057119001/ ("As surely as the terrorists of 9/11 wanted to tear down American democracy in 2001, the terrorists of Jan. 6 want to tear down our democracy . . . . Yes, 9/11 cost many more lives than Jan. 6 has so far, but comparing the two attacks is reasonable because the Big Lie is more dangerous to our way of life than the 2001 terrorists' medieval ideology ever was.").

[2] In the 2016 presidential election, 95.9% of D.C. voters voted against Donald Trump. *See* 2016 Election Results, DCBOE, https://electionresults.dcboe.org/election_results/2016-General-Election. In the 2020 presidential election, 94.6% of D.C. voters voted against Donald Trump. *See* 2020 Election Results, DCBOE, https://electionresults.dcboe.org/election_results/2020-General-Election.

2

invite the jury to render a decision on grounds of bias, passion, prejudice, or sympathy. . . . We have repeatedly labeled as improper arguments that are inflammatory[.]"). Such "inciteful" terms are not necessary to describe the events of January 6, and will do "nothing more than appeal to the jury's raw passions and emotions." *Welshans*, 892 F.3d at 577.

This language also groups Mr. Rahm with every other individual on the grounds of the Capitol on January 6, some of whom engaged in violent behavior towards law enforcement and destructive behavior against government property. But the actions of others are not evidence of whether Mr. Rahm committed the alleged offenses, and referring to Mr. Rahm's activities in a generalized manner would be both inaccurate and highly prejudicial.

Similarly, Mr. Rahm requests that the Court require that the government instruct its witnesses to refrain from utilizing the same inflammatory language, pursuant to Federal Rules of Evidence 401-403. For the reasons stated above, the utilization of such language would group Mr. Rahm with the thousands of individuals on the Capitol grounds on January 6, many of whom engaged in violent and destructive behavior. As such, use of generalized inflammatory terms to refer to the events of January 6 and the participants would likely be irrelevant to whether Mr. Rahm himself intended to corruptly obstruct an official proceeding, *see* Fed. R. Evid. 401-402, and even if relevant, would carry a danger of unfair prejudice substantially outweighing any probative value, *see* Fed. R. Evid. 403.

In addition, Mr. Rahm requests that the Court exclude from trial any descriptors or narrations utilizing similar language identified above that the government may use in photographic, video, or audio evidence, as inadmissible testimonial evidence. *See* U.S. Const. amend VI; *Crawford v. Washington*, 541 U.S. 36 (2004); *see, e.g.*, *United States v. Garcia-Zarate*, 419 F. Supp. 3d 1176, 1178–79 (N.D. Cal. 2020) ("The government may use footage of

the pier that has been edited to zoom in on the scene.  But it may not use footage with superimposed photos, labels, or comments.  Portions of the video that say 'Homicide Investigation' are inadmissible.  Witnesses may narrate and describe events in a video based on their perceptions.  They may not speculate as to the intention of other actors captured in the video, nor may they describe the shooting as a murder.").

    For all the above noted reasons, and any that may be presented at a hearing on this matter and that are fair and just, Mr. Rahm requests that the Court preclude the government and its witnesses from utilizing inflammatory and irrelevant language, including as descriptors or narrations in any video, photographic, or audio evidence.

                                          Respectfully submitted,

                                          */s/ Leigh M. Skipper*
                                          LEIGH M. SKIPPER
                                          Chief Federal Defender


                                          */s/ Anna Kessler*
                                          ANNA KESSLER
                                          Research & Writing Attorney

## CERTIFICATE OF SERVICE

I, Leigh M. Skipper, Chief Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of Defendant's Motion in Limine to Bar Inflammatory and Irrelevant Language and Memorandum in Support thereof, by electronic case filing and/or hand delivery, upon Douglas G. Collyer, Assistant United States Attorney, Gateway Building, 14 Durkee Street, Room 340, Plattsburgh, New York 12901.

                                                    /s/ Leigh M. Skipper
                                                    LEIGH M. SKIPPER
                                                    Chief Federal Defender

DATE:  June 13, 2022