**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 21-0150 (TFH)** |
| | : | |
| **JAMES DOUGLAS RAHM, JR.** | : | |
| | : | |
| **Defendant.** | : | |

# O R D E R

**AND NOW**, this          day of                         , 2022, upon consideration of the Defendant's Motion in Limine to Exclude Facebook Post, and the government's response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

                                                **BY THE COURT:**

                                                **THE HONORABLE THOMAS F. HOGAN**
                                                **United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 21-0150 (TFH)** |
| | : | |
| **JAMES DOUGLAS RAHM, JR.** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FACEBOOK POST

Defendant James Douglas Rahm, Jr. respectfully submits this Motion in Limine to Exclude Facebook Post from trial. Specifically, Mr. Rahm seeks to exclude Mr. Rahm's Facebook post concerning Speaker Nancy Pelosi. The post is not relevant evidence, as it does not tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But even if the Court finds that the post is relevant, the evidence should be precluded as unduly prejudicial under Rule 403.

**WHEREFORE**, for all the reasons set forth above and in the accompanying Memorandum of Law, as well as any other reasons which may become apparent at a hearing or the Court deems just, Mr. Rahm respectfully submits that the Court exclude from trial the Facebook post concerning Speaker Pelosi.

Respectfully submitted,

/s/ Leigh M. Skipper
LEIGH M. SKIPPER
Chief Federal Defender

/s/ Anna Kessler
ANNA KESSLER
Research & Writing Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 21-0150 (TFH)** |
| | : | |
| **JAMES DOUGLAS RAHM, JR.** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE FACEBOOK POST**

In December 2020, then-President Trump summoned his supports to Washington, D.C. on the day Congress would meet to certify Joe Biden's win. Defendant James Douglas Rahm, Jr. listened, and, on January 5, 2021, traveled from Philadelphia to Washington, D.C. to attend the political rally and show his support. On January 6, having followed the flow of the crowd from the rally toward the Capitol, Mr. Rahm allegedly entered the Capitol for approximately 13 minutes. Following the events at the Capitol, Mr. Rahm made several posts on Facebook, including one post that stated: "riot Shields and pepper spray never hurt anyone did they. Home alive. History made. I walked right through Pelosi's office I should have shit on her chair (3 laughing emojis)." Moreover, in addition to the highly prejudicial inflammatory post, the statement is simply not true as Mr. Rahm never walked into Speaker Pelosi's office or any office for that matter.

Mr. Rahm respectfully requests that the Court exclude the Facebook post from trial. The post is not relevant evidence, as it does not tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But even if the Court finds that the post is relevant, the evidence should be precluded as unduly prejudicial under Rule 403.

I.  **The Facebook post is not relevant**

Mr. Rahm is charged with obstruction of an official proceeding and various misdemeanor offenses based on his entering the Capitol. The Facebook post concerning Speaker Pelosi is not relevant evidence to the crimes charged and must be excluded.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 146 (D.D.C. 2020) (quoting Fed. R. Evid. 401).

It is expected that the government will seek to admit the Facebook post as relevant to Count One—the obstruction of justice charge. Count One provides:

> On or about January 6, 2021, within the District of Columbia and elsewhere, James Douglas Rahm, Jr., attempt to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. § 15-18.

Superseding Indictment, ECF No. 26. at 1. The Facebook post is not relevant to any element of that offense.

The first part of the post—"riot Shields and pepper spray never hurt anyone did they. Home alive"—refers to police use of riot shields and pepper spray against the crowd. That statement is not relevant to whether Mr. Rahm corruptly obstructed Congress's certification of the Electoral College vote, as it is about police action.

Then, by stating, "History made," Mr. Rahm could not have been referring to obstructing Congress's certification of the Electoral College vote because the vote occurred, and, therefore, history was not "made."

The second part of the post—"I walked right through Pelosi's office I should have shit on her chair (3 laughing emojis)"—is also not relevant to whether Mr. Rahm corruptly obstructed

Congress's certification of the Electoral College vote, as it is: 1) simply not true; and 2) while obscene and reflecting a dislike for Speaker Pelosi, not an indication of whether Mr. Rahm intended to obstruct Congress's vote.

Importantly, Mr. Rahm's statement was posted after the events at the Capitol, demonstrating that Mr. Rahm was using the social media platform as it is predominantly used: to embellish, lie, and portray one's life in a scripted and staged manner. Mr. Rahm's use of three laughing emojis further demonstrates that this post was not to be taken entirely seriously.

Accordingly, the Facebook post is not relevant to prove the very serious offense of obstructing an official proceeding, which carries a potential twenty-year sentence.

## II.     The Facebook post is overly prejudicial

Even if the Court finds that the Facebook post is relevant to the charged offenses, the evidence must be excluded as overly prejudicial under Rule 403.

Relevant evidence may still be excluded by a court if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *United States v. Wilkins*, 538 F. Supp. 3d 49, 63 (D.D.C. 2021). Rule 403 renders relevant evidence inadmissible only upon a showing that it presents a risk of "unfair prejudice," i.e., prejudice that is "compelling or unique," or has "an undue tendency to suggest decision on an improper basis." *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 146–47 (D.D.C. 2020) (quoting *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) and *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013)).

If admitted, Mr. Rahm's Facebook post would be highly offensive to many jurors and would cause an emotional reaction that would be highly prejudicial to Mr. Rahm. The post is graphic and disgusting, and, as argued, has no bearing on whether Mr. Rahm intended to obstruct

3

Congress's vote. Therefore, the danger of unfair prejudice by Mr. Rahm's offensive comments substantially outweighs any probative value they may have. *Cf. United States v. Straker*, 800 F.3d 570, 591 (D.C. Cir. 2015) (affirming district court's admission of evidence where the "danger of unfair prejudice was minimal because the other-crimes evidence added no emotional or other pejorative emphasis not already introduced by the evidence of the crime charged in this case" (internal quotation marks omitted)).

Mr. Rahm's post is simply not necessary for the government to prove the case. *See United States v. Sriyuth*, 98 F.3d 739, 747-748 (3d Cir. 1996), *cert. denied*, 519 U.S. 1141 (1997) (quotation omitted) ("To determine whether the threat of unfair prejudice outweighs the probative value of an evidentiary item, a reviewing court must assess the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds.").

### III. Conclusion

For all the above noted reasons, and any that may be presented at a hearing on this matter and that are fair and just, this Honorable Court should exclude the Facebook post concerning Speaker Pelosi from trial.

Respectfully submitted,

/s/ Leigh M. Skipper
LEIGH M. SKIPPER
Chief Federal Defender

/s/ Anna Kessler
ANNA KESSLER
Research & Writing Attorney

4

**CERTIFICATE OF SERVICE**

    I, Leigh M. Skipper, Chief Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of Defendant's Motion in Limine to Exclude Facebook Post and Memorandum in Support thereof, by electronic case filing and/or hand delivery, upon Douglas Collyer, Assistant United States Attorney, Gateway Building, 14 Durkee Street, Room 340, Plattsburgh, NY 12901.

                                                  */s/ Leigh M. Skipper*
                                                  LEIGH M. SKIPPER
                                                  Chief Federal Defender

DATE:  June 14, 2022