IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-cr-150 (TFH) |
| | : | |
| JAMES DOUGLAS RAHM, JR. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

Pursuant to 18 U.S.C. §§ 3141(b) & 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), defendant James Douglas Rahm, Jr. respectfully moves for release pending appeal on the conditions of release previously imposed or on additional conditions as the Court may see fit. Release is warranted—indeed, statutorily required—because Mr. Rahm poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises substantial questions of law and fact that, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.

A.   **Background**

As the Court is aware, Mr. Rahm was convicted after a stipulated bench trial of felony obstruction of an official proceeding (18 U.S.C. § 1512(c)(2)), misdemeanor entry of a restricted building (18 U.S.C. § 1752(a)(1)), misdemeanor disorderly conduct (18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D)), and misdemeanor parading (40 U.S.C. § 5104(e)(2)(G))—all in relation to the events of January 6, 2021.  Mr. Rahm entered the Capitol after rioters had breached police lines and opened the doors.  He paraded through public and non-public portions of the Capitol for a total of approximately eleven minutes and then left.

On January 18, 2023, Mr. Rahm was sentenced to an aggregate twelve months' imprisonment. He then filed a timely appeal, which will raise two substantial questions, as further discussed below.

Mr. Rahm has been released on conditions and a personal recognizance bond since his initial appearance in this case. He is currently scheduled to self-surrender for service of his custodial sentence on February 22, 2023.

**B.     Standard for Release Pending Appeal**

A court "shall order the release" of a defendant pending appeal if four criteria are met: (1) the defendant is not likely to flee or pose a danger to the safety of others; (2) the appeal is not for the purpose of delay; (3) the appeal raises a substantial question; and (4) the substantial question, if resolved in the defendant's favor, would likely result in reversal of all counts on which imprisonment is imposed or a reduced imprisonment sentence that would expire before the appeal concludes. 18 U.S.C. § 3143(b); *United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987). A "substantial question" is a "close question or one that very well could be decided the other way." 836 F.2d at 555.

Critically, the defendant need not show he is likely to prevail on appeal. Instead, once the substantiality of an appeal question has been established, the Court presumes the defendant will prevail and asks only whether, in that circumstance, reversal or a reduced imprisonment sentence less than the duration of the appeal is likely. *Perholtz*, 836 F.2d at 555 ("[Substantiality] requires a two-part inquiry: (1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal [or a reduced imprisonment sentence that would likely expire before the appeal concludes.]").

C.     **Release is Required as All Statutory Criteria Are Met.**

Release is required because Mr. Rahm poses no flight or safety risk, his appeal raises substantial questions of law and fact and therefore is not for the purpose of delay, and resolution of either appeal question in Mr. Rahm's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.

1.     **There is no flight or safety risk.**

Mr. Rahm has been released on conditions and a personal recognizance bond since his initial appearance in this case, which required findings that Mr. Rahm will appear as required and not endanger anyone.  18 U.S.C. § 3142(b); Dkt. 8 (release order).  Those findings have proved accurate over the course of this case.  There is no flight or safety risk here.

2.     **The appeal raises substantial questions and therefore is not for the purpose of delay.**

The appeal will challenge the denial of Mr. Rahm's motion to dismiss the felony obstruction count and the application of a three-level enhancement for substantial interference with the administration of justice pursuant to U.S.S.G. § 2J1.2(b)(2).  It is therefore not for the purpose of delay.

*Felony obstruction count*.  As the Court is aware, the legal propriety of the felony obstruction count, charging 18 U.S.C. § 1512(c)(2), was hotly contested in this case.  Mr. Rahm made three arguments supporting dismissal of this count.  First, the statutory language, legislative history, and legal precedent reflect that § 1512(c)(2) prohibits only the corrupt obstruction of tribunal-like proceedings before Congress related to the administration of justice, not a proceeding like the certification of the electoral college vote.  Second, the conduct Mr. Rahm was accused of committing cannot qualify as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, as § 1512(c)(2) is limited by § 1512(c)(1).  As

3

such, subsection (c)(2) prohibits only conduct that undermines an official proceeding's truth-finding function through actions impairing the integrity and availability of evidence.  Third, as charged, § 1512(c)(2) does not provide fair notice that "official proceedings" includes proceedings unrelated to the administration of justice, and the statute's *mens rea* requirement—that the criminal act be committed "corruptly"—lacks a limiting principle, rendering the statute unconstitutionally vague as applied to Mr. Rahm.  [Dkt. 40].

      These are substantial questions, *i.e.* "close question[s] or one[s] that very well could be decided the other way." *Perholtz*, 836 F.2d at 555.  Indeed, substantiality is not hypothetical here as another judge of this Court has in fact credited the second argument under a lenity analysis and consequently dismissed a § 1512(c)(2) count in a January 6 prosecution.  *See United States v. Miller*, No. 21-cr-119 (CJN), Dkt. 72.  That ruling has now been appealed, with oral argument in the D.C. Circuit held on December 12, 2022.  *See United States v. Miller*, No. 22-3041 (D.C. Cir).  The fact that oral argument was ordered further demonstrates substantiality, in that one-sided questions are typically submitted on the briefs without argument.  *See* D.C. Cir. R. 34(a)(2).

      *Substantial-interference enhancement*.  As the Court is also aware, Mr. Rahm objected to the substantial-interference enhancement both as a matter of law (Congress's counting of the Electoral College votes does not constitute the "administration of justice") and as a matter of fact (Mr. Rahm's actions did not constitute "substantial interference").  [Dkt. 67].

      These, too, are substantial questions as they "very well could be decided the other way." *Perholtz*, 836 F.2d at 555.  Again, substantiality is not hypothetical here as another judge of this Court has in fact credited this very legal argument and consequently held the substantial-

interference enhancement inapplicable in a January 6 prosecution. *See United States v. Seefried*, No. 21-cr-287-2 (TNM), Dkt. 123.

### 3. Resolution of either appeal question in Mr. Rahm's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.

The appeal questions, if decided in Mr. Rahm's favor, would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.

Mr. Rahm was sentenced to an aggregate twelve months' imprisonment, structured as follows: twelve months on Count 1 (felony obstruction); a concurrent twelve months on each of Counts 2 and 3 (misdemeanor entering restricted building and disorderly conduct therein); and a concurrent six months on each of Counts 4 and 5 (misdemeanor disorderly conduct and parading in Capitol). [Dkt. 71]. The sentence was informed by a U.S. Sentencing Guidelines range of 15-21 months' imprisonment, driven by the felony obstruction conviction and the substantial-interference enhancement:

| | |
|---|---|
| Base offense level per U.S.S.G. § 2J1.2 (obstruction in violation of 18 U.S.C. § 1512(c)(2)) | 14 |
| substantial interference with administration of justice (U.S.S.G. § 2J1.2(b)(2)) | +3 |
| acceptance of responsibility (U.S.S.G. § 3E1.1) | -3 |
| Total offense level | 14 |

Without the felony obstruction conviction, the Guidelines range would likely have been 0-6 months.[1]  With the felony obstruction conviction intact but the substantial-interference enhancement not applied, the Guidelines range would likely have been 10-16 months.[2]

The best indicator of Mr. Rahm's likely sentence without the felony obstruction conviction is what this Court has most frequently imposed on misdemeanor-only January 6 defendants whose conduct and history are similar to Mr. Rahm's:  a term of probation.  *See, e.g.*, *United States v. Carlton*, No. 21-cr-247-2 (TFH); *United States v. Weisbecker*, No. 21-cr-682 (TFH); *United States v. Youngers*, No. 21-cr-640-2 (TFH); *United States v. Bustle*, No. 21-cr-238-2 (TFH); *United States v. Billingsley*, No. 21-cr-519 (TFH).  And even if the felony obstruction conviction were to stand and only the substantial-interference enhancement reversed, the result would be a significantly reduced Guidelines range quite possibly resulting in proportionally larger downward variance.

The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months.[3]  Mr. Rahm's appeal may well take longer, however, because it will likely be held by the D.C. Circuit pending *Miller* and, if *Miller* is decided adversely to Mr. Rahm, will only then proceed on the issue of the substantial-interference enhancement.  Under that scenario, Mr. Rahm will certainly complete his *current* custodial sentence—not to mention

---

[1]  U.S.S.G. § 2A2.4, which would apply absent the obstruction conviction, provides a base offense level of 10, and enhancements under that guideline have not been applied to defendants whose conduct was similar to Mr. Rahm's.  *See, e.g.*, *United States v. Tanios*, No. 21-cr-222-02 (TFH).  A two-level downward adjustment for acceptance of responsibility would then apply.

[2]  In this circumstance, § 2J1.2 would apply and the adjustment for acceptance of responsibility would be limited to two levels.

[3]  U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

any reduced sentence to be applied without the substantial-interference enhancement—before his appeal concludes. And even if *Miller* is decided favorably in the near future resulting in an immediate remand of Mr. Rahm's case, perhaps the most likely reduced imprisonment sentence—zero months, *i.e.* probation—would by definition still expire before his appeal concludes. In all events, then, both Mr. Rahm's current and any reduced sentence would likely expire before his appeal concludes.

### D. Conclusion

For these reasons, defendant James Douglas Rahm, Jr. respectfully moves for release pending appeal on the conditions of release previously imposed or on additional conditions as the Court may see fit.

Respectfully Submitted,

/s/ *Anna Kessler*
ANNA KESSLER
Research & Writing Attorney

**CERTIFICATE OF SERVICE**

I, Anna Kessler, hereby certify that I have electronically filed and served a copy of Defendant's Memorandum of Law in Support of Motion for Release Pending Appeal upon upon Douglas Collyer, Assistant United States Attorney, and Jacqueline Schesnol, Assistant United States Attorney via this Court's ECF filing system.

/s/ *Anna Kessler*
ANNA KESSLER
Research & Writing Attorney


DATE:  February 16, 2023