IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-cr-150 (RJL) |
| | : | |
| JAMES DOUGLAS RAHM, JR. | : | |
| | : | |
| Defendant. | : | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR RELEASE PENDING APPEAL**

We briefly reply to the government's opposition to Mr. Rahm's motion for release pending appeal.

The government appropriately concedes the first two criteria for release—lack of flight or safety risk and a non-delay purpose of the appeal. Opp. at 1. It contests the third and fourth criteria—substantiality and impact of prevailing—under a mistaken view of the applicable legal standards, as explained below.

***Substantiality.*** The D.C. Circuit has made it perfectly clear what substantiality means: "a close question or *one that very well could be decided the other way*." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (emphasis added). By definition, both of Mr. Rahm's appeal questions are substantial because *they in fact have been decided the other way*. *See United States v. Miller*, No. 21-cr-119 (CJN), Dkt. 72; *United States v. Seefried*, No. 21-cr-287-2 (TNM), Dkt. 123.

Instead of abiding by the *Perholtz* "could be decided the other way" standard, the government substitutes a likelihood-of-success standard by opining that the district-court headcount on the appeal issues suggests Mr. Rahm is likely to lose. Opp. at 5-7. Even if the government's odds-making were right, that is simply not the standard. *Perholtz*, 836 F.2d at 555.

*See also United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985) ("The federal courts are not to be put in the position of 'bookmakers' who trade on the probability of ultimate outcome.").

**Impact of prevailing.**  The government argues that prevailing on the felony obstruction count issue would have no impact because Mr. Rahm has two unaffected misdemeanor convictions on which concurrent 12 months' imprisonment were imposed, and prevailing on the substantial-interference enhancement issue would have no impact because 12 months' imprisonment falls within the new, lower Guidelines range.  Opp. at 7-9.  Both arguments fail.

As to the felony obstruction count issue, the government again gets the standard wrong by claiming Mr. Rahm must show his appeal is "likely to result in reversal on all counts on which imprisonment is imposed." Opp. at 7 (quoting *Perholtz*, 836 F.2d at 557).  Mr. Rahm is not proceeding under the reversal prong of 18 U.S.C. § 3147(b), but under the reduced-sentence prong.  Mem. at 5-7.  Under the sentencing-package doctrine, all of the 12-month sentences would be vacated upon the reversal of the felony obstruction conviction because the felony and misdemeanor counts are interdependent under the Guidelines and, regardless, there is every reason to believe the misdemeanor sentences would have been lower without the felony conviction.  *See United States v. Smith*, 467 F.3d 785, 789-90 (D.C. Cir. 2006); PSR at ¶ 45; Mem. at 6 & Supp. Mem. at 3-4 (collecting sentences in comparable misdemeanor-only cases). The government simply ignores the sentencing-package doctrine and the likelihood of a lower aggregate sentence upon reversal of the felony obstruction conviction.

As to the substantial-interference enhancement issue, the government ignores the fact that the D.C. Circuit's median disposition time and the all-but-certain *Miller* delay virtually guarantee that Mr. Rahm will complete his *current* 12-month imprisonment sentence—not to mention any reduced sentence to be applied without the enhancement—before his appeal concludes.  Mem. at

6-7.  So even assuming the same 12 months' imprisonment were imposed on remand without the enhancement (a doubtful assumption, given the concededly lower Guidelines range), release pending appeal is still required.

                                    Respectfully Submitted,

                                    /s/ *Anna Kessler*
                                  ANNA KESSLER
                                  Research & Writing Attorney

## CERTIFICATE OF SERVICE

I, Anna Kessler, hereby certify that I have electronically filed and served a copy of the Reply in Support of Defendant's Motion for Release Pending Appeal upon Douglas Collyer, Assistant United States Attorney, and Jacqueline Schesnol, Assistant United States Attorney via this Court's ECF filing system.

/s/ *Anna Kessler*
ANNA KESSLER
Research & Writing Attorney


DATE:  February 20, 2023